UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERIC MANLEY,

                          Plaintiff,

-against-

HUMAN RESOURCES ADMINISTRATION, et al.,

                          Defendants.

23-CV-1029 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action asserting claims under the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. §§ 3901-4043, and claims under 42 U.S.C. § 1983, for alleged violations of his constitutional rights. He paid the filing fees for this action. For the reasons set forth below, the Court dismisses this action.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted).

The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, who resides in Dallas, Georgia, commenced this action by filing a complaint in the United States District Court for the Northern District of Georgia against the State of New York, the New York City Department of Human Resources Administration ("HRA"), and the New York City Department of Social Services ("DSS").[1] Because all Defendants are located in New York, on January 5, 2023, the Northern District issued an order directing Plaintiff to show cause why this case should not be transferred to the Southern District of New York. (ECF 4.) In

---

[1] Plaintiff did not name the State of New York as a defendant in the caption of the complaint, but stated that in the complaint that he brought this action against the State of New York. (ECF 1, at 1.)

response, Plaintiff filed an amended complaint contending that venue was appropriate in the Northern District of Georgia and that transfer of the action would place a burden on him. (ECF 5.) Shortly after, Plaintiff filed a second amended complaint adding Magistrate Jennifer L. Castaldi as a defendant. (ECF 7.) By order dated January 25, 2023, the Northern District of Georgia transferred the matter to this Court because all Defendants are located in the Southern District of New York. (ECF 8.)

In the second amended complaint, Plaintiff names HRA, DDS, and Magistrate Castaldi as defendants, contending that they violated his rights under the constitution and the SCRA. He asserts that Magistrate Castaldi entered an "improper judgment" against him that violated the SCRA. (ECF 7, at 2.)[2] Plaintiff claims that the violation occurred beginning "May 7, 2004 and 15 November 2004 to present," and that the "United States Attorney General Office has determined that HRA, its local government and Magistrate Castaldi violated Section 4041 of SCRA failure to protect and safeguard [his] rights." (*Id*.) Plaintiff further asserts the following:

> Plaintiff filed Eighth Amended Complaint against HRA; its local government and joiner ("Castaldi") violated Section §1983 when took adverse action or retaliation against or towards Plaintiffs for filing federal complaint; protected right with United States Attorney General Office. HRA/DSS and Castaldi a joiner in concert;in arbitrary decisions or decision making in applying and enforcing; the failed policy 45 C.F.R. 302.34, that treated Plaintiffs differently on basis of his physical characteristics or health information.

(ECF 7, at 2.) Plaintiff also claims that Defendants "engaged in fraudulent and deceptive conduct in connection with advertising; distribution and solicitation third party medical supplies and products." (*Id*.)

Plaintiff seeks injunctive relief and money damages.

---

[2] The Court quotes all of Plaintiff's submissions verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

Plaintiff previously filed an action in the Northern District of Georgia against DSS, HRA, the Staten Island City Council (together "City defendants") and Magistrate Castaldi. *See Manley v. NYC Dep't of Social Services*, No. 19-CV-0312 (MHC) (N.D. Ga. July 15, 2019) ("*Manley I*"). In that action, the Northern District of Georgia found that Plaintiff's allegations in the 35-page complaint were "disjointed, voluminous, repetitive, replete with legal citation and nonsensical jargon, and difficult to follow," but that he was asserting claims arising out of a child support matter before Magistrate Castaldi in the Family Court of Richmond County.[3] *Id*., ECF 46, at 2, 10. The Northern District of Georgia dismissed *Manley I* for lack of personal jurisdiction over the City defendants and judicial immunity as applied to Magistrate Castaldi. *See id*. at 20.

## DISCUSSION

Plaintiff's second amended complaint, the operative pleading for this action, does not comply with Rule 8's requirement that it provide a short and plain statement showing that he is entitled to relief. Plaintiff does not allege sufficient facts explaining what occurred and why he is entitled to any relief from the defendants. The Court is able to glean from Plaintiff's submissions that he seeks to challenge the validity or enforcement of a family court's decisions concerning child support. Because Plaintiff's second amended complaint suffers from several fatal defects, the Court must dismiss this action for failure to state a claim on which relief may be granted, and alternatively, for lack of jurisdiction.

---

[3] In *Manley I*, Magistrate Castaldi submitted a declaration in support of her motion to dismiss in which she identifies herself as a Support Magistrate for the New York State Unified Court System, assigned to the Family Court in Kings County, New York. She asserted that in 2004, at the time the events concerning Plaintiff's child support matter took place, she served in the same function in Richmond County, New York. *Manley I*, No. 19-CV-0312, ECF 20-2.

A.   **Claims under the SCRA**

Plaintiff's pleading is replete with assertions that Defendants violated his rights under the SCRA, 50 U.S.C. §§ 3901-4043. The SCRA is intended to "provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." 50 U.S.C. § 3902(2); *see, e.g.*, *Conroy v. Aniskoff*, 507 U.S. 511, 512 (1993) ("The [SCRA] . . . suspends various civil liabilities of persons in military service."); *Savarese v. U.S. Dep't of Hous. & Urban Dev.*, No. 04-CV-3660 (DC), 2005 WL 387152, at *4 (S.D.N.Y. Feb. 16, 2005) (same). Plaintiff does not allege any facts suggesting that he is a servicemember on active duty who is entitled to the protections of the SCRA, or that Defendants have violated the provisions of the SCRA in any way. The SCRA does not provide a basis for Plaintiff's claims, which arose from unspecified administrative proceedings and a child custody matter in family court. The Court therefore dismisses Plaintiff's claims under the SCRA for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

B.   **Claims under Section 1983**

   1.   **Statute of Limitations**

Plaintiff's claims under 42 U.S.C. § 1983 appear to be barred by the applicable statute of limitations. The statute of limitations for Plaintiff's Section 1983 claims, which is found in the "general or residual [state] statute [of limitations] for personal injury actions," is three years. *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)); *see* N.Y. C.P.L.R. § 214(5) (statute of limitations for personal injury actions is three years). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

Plaintiff filed this action in the Northern District of Georgia on December 30, 2022. Therefore, he is precluded from pursuing any claims under Section 1983, for claims that accrued before December 30, 2019. Plaintiff asserts claims arising out of conduct that occurred from in May 2004 and November 2004, when he apparently became aware of his injuries. Therefore, the statute of limitations period for Plaintiff's claims appears to have expired well before he filed this action. The Court therefore concludes that Plaintiff's Section 1983 claims are time barred.

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011); *see also Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds). A district court should grant notice and opportunity to be heard, however, before dismissing this action *sua sponte* on statute of limitations grounds. *Abbas*, 480 F.3d at 640.

It is clear that Plaintiff filed his claims well beyond the expiration of the applicable statute of limitations. Normally, the Court would grant him leave to plead any facts showing that equitable tolling applies but, as explained below, the Court lacks subject matter jurisdiction to consider any of Plaintiff's claims challenging the validity or enforcement of the Family Court's orders relating to child support and Plaintiff fails to state claims for relief.

2. **The Rooker-Feldman Doctrine**

Federal district courts lack authority to review state-court final orders and judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005); *see also Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002) ("28 U.S.C. § 1331 is a grant of

original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments . . . .").

"[I]n some circumstances, federal suits that purport to complain of injury by individuals in reality complain of injury by state-court judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F. 3d 77, 88 (2d Cir. 2005). Federal review of such claims is barred under the *Rooker-Feldman* doctrine. Under that doctrine – created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – federal district courts lack authority to review final state court orders and judgments where the federal court plaintiff seeks relief that invites the federal court to reject or overturn the state court judgment. *See Exxon Mobil Corp.*, 544 U.S. at 291-92 (2005); *see also Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) (The *Rooker-Feldman* doctrine "bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court [of the United States] is the only federal court with jurisdiction over such cases." (citing 28 U.S.C. § 1257)). There are four requirements for application of the doctrine: (1) the plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites district court review and rejection of the state court judgment; and (4) the state court judgment was rendered before the district court proceedings commenced. *Dorce*, 2 F.4th at 101 (internal quotation marks and citation omitted).

More specifically, a plaintiff's challenge in a federal district court to "the validity or enforcement of [a] child support order itself" is barred by the *Rooker-Feldman* doctrine. *Sykes v. Bank of Am.*, 723 F.3d 399, 404 (2d Cir. 2013). Thus, this Court is precluded from considering a plaintiff's request to review and overturn an order or judgment of a New York family court

7

determining that the plaintiff owes child support or setting the amount of child support owed. *See, e.g.*, *Hall v. Clinton Cnty.*, No. 8:18-CV-1405, 2020 WL 1923236, at *4 (N.D.N.Y. Apr. 21, 2020); *Williams v. NYU Hosp. Ctr. Fin. & Payroll Support*, No. 19-CV-11612, 2020 WL 1878119, at *3 (S.D.N.Y. Apr. 14, 2020) (citing *Remy v. New York State Dep't of Taxation and Fin.*, 507 F. App'x 16, 18 (2d Cir. 2018) (summary order)); *Ganiyu v. Lopez*, No. 1:19-CV-11605, 2020 WL 1467356, at *2-3 (S.D.N.Y. Mar. 25, 2020); *see also Davis v. Westchester Cnty. Family Court*, No. 16-CV-9487, 2017 WL 4311039, at *8 (S.D.N.Y. Sept. 26, 2017) ("Courts have repeatedly invoked *Rooker-Feldman* in cases in which plaintiffs challenge family court decrees setting child support arrears . . . . The fact that Plaintiff is challenging the constitutional adequacy of the proceedings is of no help to him, as many of the cases cited above (and others) have arisen in identical contexts.") (internal quotation marks and citation omitted).

Here, while the details are not entirely clear, the Court understands Plaintiff to be challenging the validity of final orders and judgments of the Richmond County Family Court, issued before Plaintiff filed this action, in which the state court determined that Plaintiff owes child support. As Plaintiff's request for federal review of the Family Court's actions meets all four elements of the *Rooker-Feldman* doctrine, this Court lacks jurisdiction of Plaintiff's claims. Plaintiff's claims for relief from the orders directing payment of child support are barred by the *Rooker-Feldman* doctrine, and the Court dismisses them for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Exxon Mobil Corp.*, 544 U.S. at 291 (the *Rooker-Feldman* doctrine "precludes a United States district court from exercising subject-matter jurisdiction").

### 3.     Domestic Relations Abstention Doctrine

The domestic relations abstention doctrine also requires this Court to abstain from exercising federal question jurisdiction of Plaintiff's claims. In 1990, in *American Airlines, Inc. v. Block*, the United States Court of Appeals for the Second Circuit instructed federal district

courts to abstain from exercising federal question jurisdiction over claims involving domestic relations issues, so long as those claims could be fully and fairly determined in the state courts. *See* 905 F.2d 12, 14 (2d Cir. 1990). For example, a federal district court should abstain from exercising its federal question jurisdiction over claims in which it is "asked to grant a divorce or annulment, determine support payments, or award custody of a child." *Id.* (internal quotation marks and citation omitted).

Two years after the Second Circuit issued its decision in *American Airlines*, the Supreme Court of the United States held, in *Ankenbrandt v. Richards*, that a previously recognized domestic relations exception to the federal district courts' subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees" in actions brought under a federal district court's diversity jurisdiction. 504 U.S. 689, 703 (1992).

In 2019, the Second Circuit, in *Deem v. DiMella-Deem*, held that regardless of the Supreme Court's holding in *Ankenbrandt*, its own previous holding in *American Airlines* remains good law. 941 F.3d 618, 621 (2d Cir. 2019), *cert. denied*, 140 S. Ct. 2763 (2020). Thus, "[a]lthough the domestic relations 'exception' to subject matter jurisdiction recognized by the Supreme Court in *Ankenbrandt* . . . does not apply in federal-question cases, the domestic relations *abstention* doctrine articulated in *American Airlines* does." *Id.* Federal district courts must therefore abstain from exercising federal question jurisdiction over claims involving domestic-relations issues and dismiss those types of claims for lack of jurisdiction when they are asserted under diversity jurisdiction. *See id.* at 621-24.

Plaintiff asserts constitutional claims under the Court's federal question jurisdiction and asks this Court to overturn determinations of the Richmond County Family Court of his obligations to pay child support. Thus, unless he shows that there is an obstacle that prevents him

9

from receiving a full and fair determination of those issues in the state courts, this Court must abstain from exercising its federal question jurisdiction of his claims arising from the Family Court's orders and judgments and their enforcement. *Am. Airlines*, 905 F.2d at 14; *Simmons v. NYS Dep't of Soc. Servs.*, No. 19-CV-3633, 2019 WL 5810307, at *4 n.2 (S.D.N.Y. Nov. 5, 2019) ("Thus, even if *Rooker-Feldman* did not bar Plaintiff's claim asking this Court to review a support order that the Family Court issued, calculation of support payments is the type of domestic relations issue that the Court generally abstains from hearing"); *Myers v. Sara Lee Corp.*, No. 08-CV-1421, 2009 WL 10706711, at *10 (E.D.N.Y. Apr. 13, 2009) ("As in *American Airlines*, the income execution for which enforcement is sought consists of an ongoing support obligation that is subject to modification by the Family Court. Enforcement by this court would thus require interference with the ability of the Family Court to modify ongoing child support obligations, and abstention would be mandated here for the same reasons it was required as to the non-final judgment amounts in *American Airlines*.").

Although Plaintiff asserts that Defendants violated his rights in proceedings before the Richmond County Family Court, he alleges no facts suggesting that he did not have a full and fair opportunity to seek modification of the Family Court's support order. Accordingly, the Court must abstain from exercising its federal question jurisdiction of Plaintiff's federal law claims arising from those issues.

### 4. Judicial Immunity

Plaintiff's claims for damages under Section 1983 against Magistrate Castaldi is also barred under the doctrine of judicial immunity. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial

actions."). Judicial immunity has also been extended to others who perform functions closely associated with the judicial process, including "administrative officials performing functions closely associated with the judicial process because the role of the 'hearing examiner or administrative law judge . . . is functionally comparable to that of a judge.'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Butz v. Economou*, 438 U.S. 478, 513 (1978)).

Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.3d at 210. "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Here, Plaintiff does not allege any facts showing that Magistrate Castaldi acted beyond the scope of her judicial responsibilities or outside of her jurisdiction in the Richmond County Family Court. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Magistrate Castaldi for "acts arising out of, or related to," a case before her, she is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Magistrate Castaldi because he seeks monetary relief against a defendant who is immune from such relief.

C. **State Law Claims**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction."

11

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**D.     Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's second amended complaint cannot be cured with an amendment, the Court declines to grant Plaintiff another opportunity to amend his pleading.

## CONCLUSION

The Court dismisses this action for failure to state a claim on which relief may be granted and for lack of subject matter jurisdiction. All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated: July 27, 2023
New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge